**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4557**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SMITH MERINORD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:15-cr-00136-BO-2)

Submitted: July 21, 2020                                      Decided: July 27, 2020

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant. Brian A. Benczkowski, Assistant Attorney General, John P. Cronan, Deputy Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARMENT OF JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Smith Merinord appeals from his convictions for three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)(1) (2018), and three corresponding counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2018), and his resulting sentences. We affirm.

Merinord first argues that he is legally innocent of his § 924(c) convictions because there is no valid predicate crime of violence. Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). Although the Supreme Court recently concluded that the residual clause is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the force clause remains intact. In *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied*, 140 S. Ct. 639, 140 S. Ct. 640 (2019), we held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)." In light of *Mathis*, Merinord's § 924(c) convictions are valid.

Merinord next claims that the district court erred by permitting a police officer investigating one of the robberies to testify that he was told by another officer about a similar robbery. He was also allowed to testify that he learned fingerprints had been recovered in the second robbery that matched Merinord and his co-defendant. No cautionary jury instruction was given at any time. However, the declarants subsequently testified, and their testimony matched the substance of the hearsay statements.

Nonetheless, Merinord claims that the admission of the hearsay statements set an inappropriate tone, bolstered the subsequent testimony, and hindered his

2

cross-examination. "Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion." *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996). We will find that discretion to have been abused "only when the district court acted 'arbitrarily or irrationally.'" *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994) (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)). Moreover, any error "that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); *see also* Fed. R. Evid. 103(a) (noting that error may not be predicated upon a ruling which admits or excludes evidence unless it "affects a substantial right of the party"). Nonconstitutional error is harmless when we "can say, 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

Initially, it is not at all clear that the testimony complained of by Merinord was hearsay. It appears that the officer recounted the statements in order to explain the basis and process of his investigation, not for the improper purpose of submitting the information as truthful. However, even if it is assumed that the officer erroneously repeated the out-of-court statements for the truth of the facts recited, Merinord can show no prejudice. Because witnesses subsequently corroborated their statements to the officer and were subject to cross-examination, Merinord cannot show reversible error.

Merinord also asserts a claim under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, challenging the "stacking" of his § 924(c) sentences. In *United*

3

*States v. Jordan*, however, we held that the First Step Act does not apply to cases that were pending on appeal when Congress passed the First Step Act. 952 F.3d 160, 174 (4th Cir. 2020). While Merinord asserts that the result in his case is particularly harsh and that a criminal case should not be considered "final" for First Step Act purposes until the appeal is completed, Merinord cannot avoid the holding in *Jordan*. Because Merinord was sentenced before the enactment of the First Step Act, he is not entitled to relief.

Accordingly, we affirm Merinord's convictions and sentences. We dispense with oral argument because the facts and legal contentions area adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4